UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jerry Mullinax, | ) | Civil Action No.: 6:17-cv-01478-AMQ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Tom Treffinger, Patty Amick, Susan M. Jones, Matteel Jones, Ross Wagner, Travis Gleaton, and Courtney Stokes, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before this Court is Defendants Tom Treffinger, Patty Amick, Susan M. Jones, Matteel Jones, Ross Wagner, Travis Gleaton, and Courtney Stokes's ("Defendants") Motion to Dismiss claims against them pursuant to Fed. R. Civ. P. 12(b) (1) and (5) on the grounds that Plaintiff Jerry Mullinax ("Plaintiff") failed to serve the Summons and Complaint within the time limit imposed by Fed. R. Civ. P. 4(m). (ECF No. 14.) The parties' submissions have been reviewed, and no hearing is necessary. For the reasons set forth below, the Court DENIES the Motion to Dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this civil rights action on June 6, 2017 against Defendants Paul O. Batson, III, James W. Blakely, Jr., Jo Watson Hackl, S. Hunter Howard, Jr., Dean Jones, Ray Lattimore, Ray Martin, Burke Royster, Coleman Shouse, Keith R. Smith, Kenneth Southerlin, and David Stafford, members of the Greenville Technical College Area Commission, as well as Defendants Tom Treffinger, Patty Amick, Susan M. Jones, Sharon Bellwood, Ross Wagner and Keith Miller. (ECF No. 1.) On September 12, 2017, the Court entered a text order directing Plaintiff

to serve Defendants by September 15, 2017, as it appeared Defendants had not yet been served. (ECF No. 5.) Plaintiff moved the Court for an extension of time until October 4, 2017, in which to serve Defendants. (ECF No. 7.) That motion was granted on September 14, 2017. (ECF No. 8.) Thereafter, on October 2, 2017, Plaintiff filed "Authorizations to Accept Service of Process" signed by defendants Treffinger, Amick, Susan M. Jones and Wagner in conjunction with a "Notice of Service." (ECF No. 9.) Plaintiff filed his Amended Complaint on October 6, 2017 against Treffinger, Amick, Susan M. Jones, Wagner, as well as new defendants Gleaton, Stokes and Matteel Jones. (ECF No. 10.) Counsel for Defendants Keith D. Munson accepted service of the amended complaint for all Defendants on October 6, 2017. (ECF No. 12.) Thereafter, on November 20, 2017, Defendants moved to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(1) and (5) on the grounds that Plaintiff failed to serve the Summons and Complaint within the time limit imposed by Fed. R. Civ. P. 4(m).

## STANDARDS OF REVIEW

A Rule 12(b)(1) motion may be used to attack the existence of subject matter jurisdiction apart from the pleadings. *Materson v. Stokes*, 166 F.R.D. 368, 371 (E.D.Va.1996). Under a Rule 12(b)(1) motion, the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). Additionally, the procedural requirement that summons be properly served must be satisfied before a federal court may exercise personal jurisdiction over a defendant, thus a motion to dismiss for insufficient process is permitted by Rule 12(b)(5). *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D.Md.2006). The plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Federal Rule of Civil Procedure 4. *Plant Genetic*

*Systems, N.V. v. Ciba Seeds*, 933 F.Supp. 519, 526 (M.D.N.C.1996). Where actual notice is received, Rule 4 "should be liberally construed to effectuate service and uphold the jurisdiction of the court." *Karlsson v. Rabinowitz,* 318 F.2d 666, 668 (4th Cir.1963). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc.,* 733 F.2d 1087, 1089 (4th Cir.1984).

## ANALYSIS

Defendants argue that this matter should be effectively dismissed as of October 4, 2017, because, as of that date, none of the defendants had been formally served with the original complaint. (ECF No. 14 at 6-7.) Plaintiff responds that he considered the original defendants to have been served as of September 20, 2017, based on the authorizations to accept service executed by those Defendants and Mr. Munson's possession of the original complaint, and the new defendants as of October 11, 2017, when Mr. Munson executed an acceptance of service of the amended complaint on behalf of the new defendants. (ECF No. 18 at 2-3.)

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days after the complaint is filed. If the defendant is not timely served, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* To show "good cause," a plaintiff must demonstrate that he made "'reasonable, diligent' efforts to effect service on the defendant." *T &S Rentals v. U.S.*, 164 F.R.D. 422, 425 (N.D.W.Va. 1996) (internal citation omitted). "Courts typically find good cause to extend the Rule 4(m) time limit where external factors stifle a plaintiff's due diligence in

effecting service." *Clyburn v. Champagne*, No. 6:10–1925–TMC, 2012 WL 4478971, *5 (D.S.C. Sept. 28, 2012) (internal quotations and alterations omitted). For example, courts have found good cause where "the defendant was evading service; the plaintiff experienced difficulty in obtaining defendant's proper address; the plaintiff was misdirected by court personnel as to proper procedure; or a defect in the attempted service was not revealed by the defendant until after the time expired." *Perri-Clair v. Ace P'ship of Charleston SC*, No. 2:09–CV–1584–MBS, 2011 WL 765671, *2 (D.S.C. Feb.23, 2011)(internal citation and quotations omitted).

In an unpublished decision, the Fourth Circuit has held that "[e]ven if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service. *Giacomo-Tano v. Levine*, 199 F.3d 1327, *1 (4th Cir. 1999) (unpublished opinion)*; see also* Fed. R. Civ. P. 4(m) advisory committee's notes (1993) ("[Rule 4(m) ] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."); *Henderson v. United States*, 517 U.S. 654, 663 (1996) ("Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120–day period 'even if there is no good cause shown'"); *cf. Mendez v. Elliott*, 45 F.3d 75 (4th Cir. 1995)(analyzing Rule 4(m) in the same manner as predecessor Rule 4(j) as it relates to the district court's discretion where no good cause is shown).

In light of Plaintiff's representations, the Court finds that sufficient good cause did exist to warrant any delay in service beyond the time frame prescribed by Rule 4(m) as to the original defendants. The Court notes that there is no evidence that the delay caused prejudice to Defendants. Further, as it relates to newly added defendants, the time to serve those defendants

runs from the filing of the new complaint. *See generally McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990) (holding that time to serve defendants added in the new complaint runs from filing of new complaint); *see also Rullan v. Goden*, No. CCB-12-2412, 2016 WL 1159112, at *9 (D. Md. Mar. 24, 2016)(noting that the time limit for service provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint); Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (4th ed.)(adding a new party through an amended complaint initiates a new timetable).

Of note, Mr. Munson accepted service of the Amended Complaint on behalf of the new defendants Matteel Jones, Travis Gleaton, Courtney Stokes, as well as Treffinger, Amick, Susan M. Jones, and Ross Wagner on October 11, 2017. (ECF No. 12.) As a result, the sufficiency of the "Authorizations to Accept Service of Process" is of little consequence. Further, no prejudice would result to any Defendants who have all been served with the operative complaint. Furthermore, a dismissal without prejudice at this stage of the litigation would not serve in the interests of judicial economy. Indeed, the Fourth Circuit has noted the "policy of deciding cases on their merits is so strong that, when a plaintiff has committed a procedural error, we will allow a district court to impose on him the harsh sanction of prejudicial dismissal…only in the extreme cases." *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir. 1993) (internal citations and quotations omitted). With these principles in view, Defendants' Motion to Dismiss is denied. A Scheduling Order will be issued promptly in this case.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 14) pursuant to Rule 12(b)(1) and Rule 12(b)(5) is DENIED.

**IT IS SO ORDERED.**

/s/ A. Marvin Quattlebaum, Jr.
United States District Judge

May 30, 2018
Greenville, South Carolina